# EXHIBIT A

| | **SUM-100** |
|---|---|
| **SUMMONS** | FOR COURT USE ONLY |
| **(CITACION JUDICIAL)** | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ALBERTSONS COMPANIES, INC., a Delaware
corporation; and DOES 1 through 50, inclusive

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 25 2018

Sherri R. Carter, executive Officer/Clerk

By: _____ , Deputy
Moses Soto

**YOU ARE BEING SUED BY PLAINTIFF:**

*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
AMANDA JOHNSON, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER: *(Número del Caso):* **BC 703697** |
|---|---|

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Los Angeles County Superior Court
111 North Hill Street
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JAY S. ROTHMAN          JAY S. ROTHMAN & ASSOCIATES
21900 Burbank Boulevard, Suite 210     (818) 986-7870
Woodland Hills, CA  91367

| DATE: APR 25 2018 | SHERRI R. CARTER | Clerk, by | M. Soto | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* ALBERTSONS COMPANIES, INC, a Delaware corporation

under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | CEB Essential Forms ceb.com | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|---|

JOHNSON, Amanda

JAY S. ROTHMAN & ASSOCIATES
JAY S. ROTHMAN, ESQ. (SBN 49739)
21900 Burbank Boulevard, Suite 210
Woodland Hills, California 91367
Tel:    (818) 986-7870
Fax:    (818) 990-3019
lawyers@jayrothmanlaw.com

Attorney for Plaintiff
AMANDA JOHNSON

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 25 2018

Sherri R. Carter, Executive Officer/Clerk

By: _____, Deputy
Moses Soto

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| AMANDA JOHNSON, an individual,<br><br>                    Plaintiff,<br><br>vs.<br><br>ALBERTSONS COMPANIES, INC., a<br>Delaware corporation; and DOES 1 through<br>50, inclusive,<br><br>                    Defendants. | CASE NO. BC 703697<br><br>**COMPLAINT FOR DAMAGES**<br><br>1.  **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY** (Article 1, §8 of the California Constitution);<br>2.  **DISCRIMINATION BASED UPON SEX (Article 1, §8 of the California Constitution);**<br>3.  **DISCRIMINATION BASED UPON DISABILITY (Article 1, §8 of the California Constitution);**<br>4.  **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br>5.  **VIOLATION OF REST PERIOD LAW (*Industrial Welfare Commission Wage Orders; Labor Code §226.7*);**<br>6.  **VIOLATION OF MEAL PERIOD LAW (*Labor Code §§226.7, 512*);**<br>7.  **VIOLATION OF WAGE AND HOUR LAWS - WAITING TIME PENALTIES (*Labor Code §§202, 203*);**<br>8.  **FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS (*Labor Code §226*); and**<br>9.  **UNFAIR COMPETITION IN VIOLATION OF *BUSINESS AND PROFESSIONS CODE* §17200, et seq.**<br><br>[DEMAND FOR JURY TRIAL] |

## STATEMENT OF FACTS

Plaintiff AMANDA JOHNSON, an individual (hereinafter "plaintiff"), was employed by defendants ALBERTSONS COMPANIES, INC., a Delaware corporation, and DOES 1 through 50, inclusive (hereinafter collectively referred to as "defendants").

Plaintiff was employed as a non-exempt, full-time employee. Her employment began approximately seventeen (17) years ago, in or around 1999. She was last employed as a deli clerk. Her last rate of pay was $14.50 per hour.

During her employment, plaintiff often did not receive rest breaks or uninterrupted meal periods even though she was entitled to same.

During her employment, in August 2015, plaintiff learned she was pregnant. Her physician diagnosed her with a high risk pregnancy and rendered plaintiff disabled, as that term is defined by law. Her physician allowed her to work, but restricted her from working a full schedule. Plaintiff needed to take off several hours per week as needed.

In or around October 2015, plaintiff obtained and submitted to defendants a doctor's note. Plaintiff required a medical leave of absence from October 2015, through August 2016, due to her high risk pregnancy/disability.

At all times, plaintiff informed defendants' supervisory and managerial employees, "Tony" (Store Director), and "George" (Director), of her pregnancy, disability, restrictions and needed accommodations.

At no time did defendants engage in an interactive process to determine if it could accommodate the restrictions, whether or not plaintiff could perform her duties in light of the restrictions, and, if not, if there existed other jobs plaintiff could perform in light of her condition and restrictions. At no time did defendants attempt to accommodate plaintiff's disability, pregnancy and/or restrictions. Instead, "Tony" told plaintiff that she can only return to work without restrictions.

Plaintiff's child was born in May 2016.

In or around July 2016, plaintiff defendants' corporate office to inquire about returning to work at defendants' Phoenix location. She was informed that she had been terminated.

1  |  Plaintiff was terminated due to her pregnancy and disability.

2  |  **GENERAL ALLEGATIONS**

3  |      1.    This is a complaint by an individual for damages arising out of the outrageous,

4  |  oppressive and intrusive conduct of all defendants. Plaintiff seeks compensatory and punitive

5  |  damages.

6  |      2.    The true names and capacities of the defendants sued herein as DOES 1

7  |  through 50, inclusive, are unknown to plaintiff, who therefore sues these defendants by such

8  |  fictitious names. Plaintiff will ask leave of the Court to amend this Complaint to show their

9  |  true names and capacities when same have been ascertained. Plaintiff is informed and

10 |  believes, and thereon alleges, that each of the defendants, herein designated as a DOE,

11 |  proximately caused the injuries and damages to plaintiff as hereinafter alleged.

12 |      3.    Plaintiff is informed and believes, and thereon alleges, that each of the

13 |  defendants designated herein as a DOE is legally responsible in some manner for the events

14 |  and happenings herein referred to, and negligently, wantonly, recklessly, tortiously and/or

15 |  unlawfully proximately caused the injuries and damages thereby to plaintiff as herein alleged.

16 |      4.    At all times mentioned herein, defendants were employers located in the

17 |  County of Los Angeles and existed under the laws of the State of California.

18 |      5.    At all times mentioned herein, defendants were authorized to do business in

19 |  California.

20 |      6.    At all times herein mentioned, DOES 1 through 50 were individuals in

21 |  supervisory positions at defendants' places of employment and citizens of the State of

22 |  California. At all times herein mentioned, DOES 1 through 50 were acting in the course and

23 |  scope of their employment at defendants' places of employment.

24 |      7.    At all times herein mentioned, plaintiff was an individual who resided in the

25 |  City of Lakewood, County of Los Angeles, State of California, and an employee of defendants

26 |  and was and is a citizen of the State of California.

27 |      8.    The conduct complained of herein was ratified in the County of Los Angeles,

28 |  State of California.

         COMPLAINT FOR DAMAGES

### FIRST CAUSE OF ACTION

### WRONGFUL TERMINATION

### IN VIOLATION OF PUBLIC POLICY

### (Article 1, §8 of the California Constitution)

### (Against Defendants and DOES 1-50)

9.    The allegations of the Statement of Facts and preceding paragraphs are realleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Wrongful Termination in Violation of Public Policy.

10.    At all times relevant herein, defendants were employers, and as such, were barred from discriminating in employment decisions.

11.    Plaintiff alleges that the terms and conditions of her employment and her termination was in violation of the public policy of the State of California (California Constitution Art. I, §8).  California Constitution Art. I, section 8 declares as public policy that employment termination based on sex or disability is prohibited.  (Pregnancy discrimination is a form of sex discrimination under article I, section 8 of the California Constitution. *Badih v. Myers* (1995) 36 Cal. App. 4th 1289, 1295; *Merrell v. All Seasons Resorts, Inc.* (C.D.Cal. 1989) 720 F.Supp. 815.)

12.    Defendants violated public policy by discriminating against and terminating plaintiff on the basis of her sex and disability.

13.    California Constitution Art. I, section 8's prohibition on discrimination supports an action for wrongful termination in violation of public policy.  The above acts of defendants constituted a wrongful termination of plaintiff and was in violation of public policy as described in above.  Such termination was a substantial factor in causing damage and injury to plaintiff set forth below.

14.    As a proximate result of the aforesaid acts of defendants, plaintiff has foreseeably suffered and continues to suffer substantial loss of earnings and employment benefits in an amount according to proof at the time of trial.  Plaintiff claims such amount as damages together with prejudgment interest.

15.    Plaintiff further has incurred additional expenses in her efforts to regain employment, all to her damage in an amount according to proof at the time of trial.

16.    As a direct and proximate result of the aforementioned wrongful conduct of defendants, plaintiff will suffer additional loss of earnings, reduced earning capacity in the future, and other incidental and consequential damages in an amount according to proof at the time of trial.

17.    As a proximate result of the conduct complained of herein, plaintiff suffered and continues to suffer embarrassment, humiliation, emotional distress, mental anguish and severe shock to her nervous system, and thereby sustained serious injuries to her physical and mental health, strength and activity, causing her extreme physical and emotional pain, all to her general damage in such amount as may be proven.  Said amount is within the jurisdiction of the Superior Court of the State of California.

18.    As a direct and proximate result of the aforementioned wrongful conduct of defendants, plaintiff incurred medical expenses, the exact nature and extent of which are unknown to plaintiff at this time and plaintiff will ask leave of court to amend this complaint in this regard when the same have been ascertained.

19.    As a direct and proximate result of the aforementioned wrongful conduct of defendants, plaintiff will be required to incur additional future medical expenses all to her further damage in an amount to be proven at trial.

20.    Plaintiff incurred expenses herein for necessary and reasonable attorneys' fees in order to enforce her rights and to obtain benefits due her, all to her further damage in an amount according to proof.

21.    Because the acts taken toward plaintiff were carried out in a deliberate, cold, callous and intentional manner in order to injure and damage plaintiff, plaintiff requests the assessment of punitive damages against defendants in an amount appropriate to punish and make an example of defendants.

Wherefore, plaintiff prays for judgment against defendants as hereinafter set forth.

///

## SECOND CAUSE OF ACTION

### DISCRIMINATION BASED UPON SEX

### (Article 1, §8 of the California Constitution)

### (Against Defendants and DOES 1-50)

22.    The allegations of the Statement of Facts and preceding paragraphs are realleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Discrimination Based Upon Sex.

23.    Article 1, section 8 of the California Constitution prohibits discrimination based upon sex.  (Pregnancy discrimination is a form of sex discrimination under article I, section 8 of the California Constitution. *Badih v. Myers* (1995) 36 Cal. App. 4th 1289, 1295; *Merrell v. All Seasons Resorts, Inc.* (C.D.Cal. 1989) 720 F.Supp. 815.)

24.    As a female, plaintiff belonged to a protected group.  As stated herein, she was subjected to sex discrimination.

25.    As a proximate result of the aforesaid acts of defendants, plaintiff has foreseeably suffered and continues to suffer substantial loss of earnings and employment benefits in an amount according to proof at the time of trial.  Plaintiff claims such amount as damages together with prejudgment interest.

26.    Plaintiff further has incurred additional expenses in her efforts to regain employment, all to her damage in an amount according to proof at the time of trial.

27.    As a direct and proximate result of the aforementioned wrongful conduct of defendants, and each of them, plaintiff will suffer additional loss of earnings,  reduced earning capacity in the future, and other incidental and consequential damages in an amount according to proof at the time of trial.

28.    As a proximate result of the conduct complained of herein, plaintiff suffered and continues to suffer embarrassment, humiliation, emotional distress, mental anguish and severe shock to her nervous system, and thereby sustained serious injuries to her physical and mental health, strength and activity, causing her extreme physical and emotional pain, all to

///

1   her general damage in such amount as may be proven.  Said amount is within the jurisdiction

2   of the Superior Court of the State of California.

3       29.    As a direct and proximate result of the aforementioned wrongful conduct of

4   defendants, and each of them, plaintiff incurred medical expenses, the exact nature and extent

5   of which are unknown to plaintiff at this time and plaintiff will ask leave of court to amend

6   this complaint in this regard when the same have been ascertained.

7       30.    As a direct and proximate result of the aforementioned wrongful conduct of

8   defendants, and each of them, plaintiff will be required to incur additional future medical

9   expenses all to her further damage in an amount to be proven at trial.

10      31.    Plaintiff incurred expenses herein for necessary and reasonable attorneys' fees

11  in order to enforce her rights and to obtain benefits due her, all to her further damage in an

12  amount according to proof.

13      32.    When defendants engaged in the acts alleged in this complaint, they acted with

14  malice, oppression and fraud.  The acts taken toward plaintiff were carried out in a deliberate,

15  cold, callous and intentional manner in order to injure and damage plaintiff.  Their actions

16  were reprehensible and a blatant violation of the law.  Defendants' conduct rose to the level of

17  extreme indifference to plaintiff's rights and rose to such a level that decent citizens should

18  not have to tolerate.  Defendants intended to oppress plaintiff.  Based on the foregoing,

19  plaintiff requests the assessment of punitive damages against defendants in an amount

20  appropriate to punish and make an example of defendants.

21      Wherefore, plaintiff prays for judgment against the defendants as hereinafter set forth.

22                        **THIRD CAUSE OF ACTION**

23                   **DISCRIMINATION BASED UPON DISABILITY**

24                **(Article 1, §8 of the California Constitution)**

25                    **(Against Defendants and DOES 1-50)**

26      33.    The allegations of the Statement of Facts and preceding paragraphs are

27  realleged and incorporated herein by reference except where to do so would be inconsistent

28  with pleading a cause of action for Discrimination Based Upon Disability.

34.     Article 1, section 8 of the California Constitution prohibits discrimination based upon disability.

35.     As a disabled person, plaintiff belonged to a protected class. At all times, she was performing competently in the position she held. She had never been reprimanded nor counseled. Defendants always informed her that she was doing a good job.

36.     Defendants violated public policy by discriminating against plaintiff because she was a disabled person. To be subjected to these actions is extraordinary and egregious.

37.     In doing the acts referenced above, defendants violated their affirmative duty to plaintiff.

38.     As a proximate result of the aforesaid acts of defendants, plaintiff has foreseeably suffered and continues to suffer substantial loss of earnings and employment benefits in an amount according to proof at the time of trial.

39.     Plaintiff further has incurred additional expenses in her efforts to regain employment, all to her damage in an amount according to proof at the time of trial.

40.     As a direct and proximate result of the aforementioned wrongful conduct of defendants, plaintiff will suffer additional loss of earnings, reduced earning capacity in the future, and other incidental and consequential damages in an amount according to proof at the time of trial.

41.     As a proximate result of the conduct complained of herein, plaintiff suffered and continues to suffer embarrassment, humiliation, emotional distress, mental anguish and severe shock to her nervous system, and thereby sustained serious injuries to her physical and mental health, strength and activity, causing her extreme physical and emotional pain, all to her general damage in such amount as may be proven. Said amount is within the jurisdiction of the Superior Court of the State of California.

42.     As a direct and proximate result of the aforementioned wrongful conduct of defendants, plaintiff incurred medical expenses, the exact nature and extent of which are unknown to plaintiff at this time and plaintiff will ask leave of court to amend this complaint in this regard when the same have been ascertained.

1    43.    As a direct and proximate result of the aforementioned wrongful conduct of

2    defendants, plaintiff will be required to incur additional future medical expenses all to her

3    further damage in an amount to be proven at trial.

4    44.    Plaintiff incurred expenses herein for necessary and reasonable attorneys' fees

5    in order to enforce her rights and to obtain benefits due her, all to her further damage in an

6    amount according to proof.

7    45.    When defendants engaged in the acts alleged in this complaint, they acted with

8    malice, oppression and fraud.  The acts taken toward plaintiff were carried out in a deliberate,

9    cold, callous and intentional manner in order to injure and damage plaintiff.  Their actions

10    were reprehensible and a blatant violation of the law.  Defendants' conduct rose to the level of

11    extreme indifference to plaintiff's rights and rose to such a level that decent citizens should

12    not have to tolerate.  Defendants intended to oppress plaintiff.  Based on the foregoing,

13    plaintiff requests the assessment of punitive damages against defendants in an amount

14    appropriate to punish and make an example of defendants.

15    Wherefore, plaintiff prays for judgment against defendants as hereinafter set forth.

16    **FOURTH CAUSE OF ACTION**

17    **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

18    **(Against Defendants and DOES 1-50)**

19    46.    The allegations of the Statement of Facts and preceding paragraphs are

20    realleged and incorporated herein by reference except where to do so would be inconsistent

21    with pleading a cause of action for Intentional Infliction of Emotional Distress.

22    47.    When defendants did the acts described in this complaint, they engaged in

23    extreme and outrageous conduct.  They did such acts deliberately, intentionally and recklessly

24    so as to cause plaintiff severe emotional distress.  Defendants' conduct in confirming and

25    ratifying that conduct was done with knowledge that plaintiff's distress would thereby

26    increase, and was done with wanton and reckless disregard of the consequences to plaintiff.

27    48.    The above acts of defendants caused plaintiff severe emotional distress,

28    anxiety, sleeplessness, and were outrageous and beyond the scope of her employment.  As a

9

COMPLAINT FOR DAMAGES

1  direct, proximate and foreseeable result of the aforesaid conduct of the defendants, plaintiff

2  has suffered damages and injuries set forth below.

3      49.   As a result of the aforesaid acts of defendants, plaintiff has become mentally

4  upset, distressed and aggravated.  Plaintiff claims general damages for such mental distress

5  and aggravation in an amount of which will be proven at time of trial.

6      50.   As a proximate result of the aforesaid acts of defendants, plaintiff has

7  foreseeably suffered and continues to suffer substantial loss of earnings and employment

8  benefits in an amount according to proof at the time of trial.  Plaintiff claims such amount as

9  damages together with prejudgment interest.

10      51.   Plaintiff further has incurred additional expenses in her efforts to regain

11  employment, all to her damage in an amount according to proof at the time of trial.

12      52.   As a direct and proximate result of the aforementioned wrongful conduct of

13  defendants, and each of them, plaintiff will suffer additional loss of earnings, reduced earning

14  capacity in the future, and other incidental and consequential damages in an amount according

15  to proof at the time of trial.

16      53.   As a proximate result of the conduct complained of herein, plaintiff suffered

17  and continues to suffer embarrassment, humiliation, emotional distress, mental anguish and

18  severe shock to her nervous system, and thereby sustained serious injuries to her physical and

19  mental health, strength and activity, causing her extreme physical and emotional pain, all to

20  her general damage in such amount as may be proven.  Said amount is within the jurisdiction

21  of the Superior Court of the State of California.

22      54.   As a direct and proximate result of the aforementioned wrongful conduct of

23  defendants, and each of them, plaintiff incurred medical expenses, the exact nature and extent

24  of which are unknown to plaintiff at this time and plaintiff will ask leave of court to amend

25  this complaint in this regard when the same have been ascertained.

26      55.   As a direct and proximate result of the aforementioned wrongful conduct of

27  defendants, and each of them, plaintiff will be required to incur additional future medical

28  expenses all to her further damage in an amount to be proven at trial.

56. Because the acts taken toward plaintiff were carried out in a deliberate, cold, callous and intentional manner in order to injure and damage plaintiff, plaintiff requests the assessment of punitive damages against defendants, and each of them, in an amount appropriate to punish and make an example of defendants.

Wherefore, plaintiff prays for judgment against defendants as hereinafter set forth.

### FIFTH CAUSE OF ACTION

### VIOLATION OF REST PERIOD LAW

*(Industrial Welfare Commission Wage Orders; Labor Code §226.7)*

**(Against Defendants and DOES 1-50)**

57. The allegations of the Statement of Facts and preceding paragraphs are realleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Violation of Rest Period Law.

58. In California, the *Industrial Welfare Commission Wage Orders* require that employers must authorize and permit nonexempt employees to take a rest period that must, insofar as practicable, be taken in the middle of each work period. The rest period is based on the total hours worked daily and must be at the minimum rate of a net ten consecutive minutes for each four hour work period, or major fraction thereof. The Division of Labor Standards Enforcement (DLSE) considers anything more than two hours to be a "major fraction of four." A rest period is not required for employees whose total daily work time is less than three and one-half hours. The rest period is counted as time worked and therefore, the employer must pay for such periods. *Labor Code* section 226.7(a) states that no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

59. Defendants did not provide plaintiff with rest periods. This failure constituted a violation of the *Industrial Welfare Commission Wage Orders* and *Labor Code* section 226.7.

60. Defendants had a practice of not providing employees with rest periods.

61. Thus, plaintiff, and all hourly employees who did not receive rest periods are owed monies.

11                    COMPLAINT FOR DAMAGES

62.    *Labor Code* section 200 defines "wages" as including all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece commission basis, or other method of calculation.

63.    Plaintiff has been available and ready to receive wages owed to her.

64.    Plaintiff has never refused to receive any payment, nor has plaintiff been absent from defendants' regular places of business.

65.    Defendants' failure to provide plaintiff with rest periods was wilful because it had knowledge of the illegality of failing to provide rest periods and has intentionally failed to do so as required by law.

66.    Plaintiff also requests all unpaid wages, waiting time penalties and interest. (*Labor Code* §§ 218.5, 218.6.)    Plaintiff further requests civil penalties as provided for in *Labor Code* section 558.

67.    As a direct and proximate result of defendants' failure to provide the entitlements set forth above, plaintiff has suffered lost wages and other benefits of employment in an amount to be proven at trial.

68.    Plaintiff also seeks additional pay pursuant to *Labor Code* section 226.7(b).

Wherefore, plaintiff prays for judgment against the defendants as hereinafter set forth.

## SIXTH CAUSE OF ACTION

### VIOLATION OF MEAL PERIOD LAW

**(*Labor Code* §§ 226.7, 512)**

**(Against Defendants and DOES 1-50)**

69.    The allegations of the Statement of Facts and preceding paragraphs are realleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Violation of Meal Period Law.

70.    *Labor Code* section 512, *et seq.*, provides, in pertinent part, that an employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be

waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived. *Labor Code* section 226.7(a) states that no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

71.    When plaintiff worked for defendants, she was a non-exempt hourly employee. During her employment, plaintiff worked more than five hours per day, but was not provided a meal period. These acts by defendants constituted a violation of California's wage and hour laws.

72.    Defendants had a practice of not providing employees with meal periods.

73.    This failure violated *Labor Code*, including but not limited to sections 226.7 and 512.

74.    Thus, plaintiff and all hourly employees who did not receive meal periods are owed monies.

75.    *Labor Code* section 200 defines "wages" as including all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece commission basis, or other method of calculation.

76.    Plaintiff has been available and ready to receive wages owed to her.

77.    Plaintiff has never refused to receive any payment, nor has plaintiff been absent from defendants' regular places of business.

78.    Defendants' failure to provide plaintiff with meal periods was wilful because it had knowledge of the illegality of failing to provide meal periods and has intentionally failed to do so as required by law.

79.    Plaintiff also requests all unpaid wages, waiting time penalties and interest. (*Labor Code* §§ 218.5, 218.6.)   Plaintiff further requests civil penalties as provided for in *Labor Code* section 558.

1    80.    As a direct and proximate result of defendants' failure to provide the

2    entitlements set forth above, plaintiff has suffered lost wages and other benefits of

3    employment in an amount to be proven at trial.

4    81.    Plaintiff also seeks additional pay pursuant to *Labor Code* section 226.7(b).

5    Wherefore, plaintiff prays for judgment against the defendants as hereinafter set forth.

6    **SEVENTH CAUSE OF ACTION**

7    **VIOLATION OF WAGE AND HOUR LAWS - WAITING TIME PENALTIES**

8    **(*Labor Code* §§202, 203)**

9    **(Against Defendants and DOES 1-50)**

10    82.    The allegations of the Statement of Facts and preceding paragraphs are

11    realleged and incorporated herein by reference except where to do so would be inconsistent

12    with pleading a cause of action for Violation of Wage and Hour Laws - Waiting Time

13    Penalties.

14    83.    *Labor Code* section 203, provides in pertinent part that if an employer willfully

15    fails to pay, without abatement or reduction, in accordance with sections 201, 201.5, 202 and

16    205.5, any wages of an employee who is discharged or who quits, the wages of the employee

17    shall continue as a penalty from the due date thereof at the same rate until paid or until an

18    action therefore is commenced; but the wages shall not continue for more than 30 days.

19    84.    When plaintiff worked for defendants, she was a non-exempt hourly employee.

20    Pursuant to *Labor Code* section 202, upon her termination, she was due immediate payment

21    of her wages.  However, she was not immediately paid all wages owed her, i.e., payment for

22    rest breaks and meal periods not taken.  These acts by defendants constituted a violation of

23    California's wage and hour laws.

24    85.    This failure to *Labor Code*, including but not limited to sections 202 and 203.

25    86.    Thus, plaintiff and all hourly employees who did not receive immediate

26    payment of wages upon their termination are owed monies.

27    ///

28    ///

14    COMPLAINT FOR DAMAGES

87. *Labor Code* section 200 defines "wages" as including all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece commission basis, or other method of calculation.

88. Plaintiff has been available and ready to receive wages owed to her, including overtime wages.

89. Plaintiff has never refused to receive any payment, nor has plaintiff been absent from defendants' regular places of business.

90. Defendants' failure to pay plaintiff's wages due and owing plaintiff was wilful because defendants have failed to pay any portion of the amount due and owing plaintiff. Defendants' conduct was wilful because it had knowledge of the illegality of failing to immediately pay wages and has intentionally failed to make payment as required by law.

91. Plaintiff also requests all unpaid wages, waiting time penalties and interest. (*Labor Code* §§ 202, 203, 218.5, 218.6.) Plaintiff further requests civil penalties as provided for in *Labor Code* section 558.

92. As a direct and proximate result of defendants' failure to provide the entitlements set forth above, plaintiff has suffered lost wages and other benefits of employment in an amount to be proven at trial.

Wherefore, plaintiff prays for judgment against the defendants as hereinafter set forth.

## EIGHTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

#### (*Labor Code* §226)

#### (Against Defendants and DOES 1-50)

93. The allegations of the Statement of Facts and preceding paragraphs are realleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Failure to Provide Accurate Wage Statements.

94. Defendants knowingly and intentionally failed to provide plaintiff with a true and accurate wage statement showing all applicable hourly rates in effect during the pay

///

1  period and the corresponding number of hours worked at each hourly rate by the employee, in

2  violation of *Labor Code* section 226(a).

3      95.    Pursuant to *Labor Code* section 226(e), plaintiff is entitled to penalties in the

4  amount of $50 for the initial pay period in which the violation occurred, plus $100 for each

5  violation in a subsequent pay period, up to an aggregate penalty of $4,000.  In addition,

6  plaintiff is entitled to attorneys' fees and costs in an amount to be proved at trial.

7      Wherefore, plaintiff prays for judgment against the defendants as hereinafter set forth.

8                          **NINTH CAUSE OF ACTION**

9                    **UNFAIR COMPETITION IN VIOLATION OF**

10             ***BUSINESS AND PROFESSIONS CODE* §17200, et seq.**

11                    **(Against Defendants and DOES 1-50)**

12      96.    The allegations of the Statement of Facts and preceding paragraphs are

13  realleged and incorporated herein by reference except where to do so would be inconsistent

14  with pleading a cause of action for Unfair Competition in Violation of *Business and*

15  *Professions Code* section 17200, et seq.

16      97.    Defendants' conduct constitutes unfair competition pursuant to *Business and*

17  *Professions Code* section 17200, et seq.  Defendants' conduct included unlawful, unfair

18  and/or fraudulent business acts or practices, to wit: defendants' unlawful failure to failure to

19  provide meal periods, failure to provide rest periods, and failure to provide accurate wage

20  statements.  By failing to do so, defendants gained an unfair advantage over its competitors

21  who provided meal periods, provided rest periods, and provided wage statements.

22      98.    Defendants are strictly liable for engaging in unfair competition in violation of

23  *Business and Professions Code* section 17200, et seq.

24      99.    As a direct and proximate result of defendants' unfair competition as alleged

25  herein, plaintiff suffered damages and defendants have been unjustly enriched.

26      100.   As a proximate result of the aforesaid acts of defendants, plaintiff has

27  foreseeably suffered and continues to suffer substantial loss of earnings and employment

28  ///

1  benefits in an amount according to proof at the time of trial. Plaintiff claims such amount as

2  damages together with prejudgment interest.

3        101.    Plaintiff further has incurred additional expenses in her efforts to regain

4  employment, all to her damage in an amount according to proof at the time of trial.

5        102.    As a direct and proximate result of the aforementioned wrongful conduct of

6  defendants, and each of them, plaintiff will suffer additional loss of earnings, reduced earning

7  capacity in the future, and other incidental and consequential damages in an amount according

8  to proof at the time of trial.

9        103.    Unless restrained, defendants will continue in the acts and conduct set forth

10  above, to plaintiff's great and irreparable injury, for which damages will not afford adequate

11  relief.

12        Wherefore, plaintiff prays for judgment against the defendants as hereinafter set forth.

13  **<u>PRAYER</u>**

14        WHEREFORE, plaintiff prays for judgment against defendants as follows:

15        1.    For compensatory damages, as allowed by law, for an amount in excess of

16  $50,000 and according to proof at trial;

17        2.    For an award of punitive damages, as allowed by law, and according to proof at

18  trial;

19        3.    For medical and related expenses, as allowed by law, and according to proof at

20  trial;

21        4.    For lost earnings, present, past, and future, as allowed by law, and according to

22  proof at trial;

23        5.    For attorneys' fees and costs as permitted by law;

24        6.    For attorneys' fees and costs as permitted by law, including but not limited to

25  *Labor Code* section 226(e), *et seq.*;

26        7.    For liquidated damages, as permitted by law; and

27  ///

28  ///

8.    For such other and further relief as the Court deems just and proper.

DATED:    April ___, 2018                JAY S. ROTHMAN & ASSOCIATES

_____
JAY S. ROTHMAN
Attorney for Plaintiff
AMANDA JOHNSON

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of the foregoing causes of action.

DATED:    April ___, 2018                JAY S. ROTHMAN & ASSOCIATES

_____
JAY S. ROTHMAN
Attorney for Plaintiff
AMANDA JOHNSON

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**

**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:          FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:          FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **_www.lacourt.org_** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
        (INSERT DATE)                                         (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____            ➤ _____
        (TYPE OR PRINT NAME)                           (ATTORNEY FOR PLAINTIFF)
Date:

_____            ➤ _____
        (TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)
Date:

_____            ➤ _____
        (TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)
Date:

_____            ➤ _____
        (TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)
Date:

_____            ➤ _____
        (TYPE OR PRINT NAME)                           (ATTORNEY FOR _____)
Date:

_____            ➤ _____
        (TYPE OR PRINT NAME)                           (ATTORNEY FOR _____)
Date:

_____            ➤ _____
        (TYPE OR PRINT NAME)                           (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:　　　　　　　FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Advantages of ADR**

- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR** - ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

- **Arbitration**

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

- **Mandatory Settlement Conference (MSC)**

**Settlement Conferences are appropriate in any case where settlement is an option.**
Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program.  Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at
http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221